IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DENNIS THOMAS RADER, JR., | : | CASE NO. 20-67682-BEM |
| | : | |
| Debtor. | : | JUDGE: ELLIS-MONRO |
| | : | |
| NANCY J. GARGULA, UNITED STATES TRUSTEE, REGION 21, | : : : | |
| | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| DENNIS THOMAS RADER, JR.,, | : | |
| | : | |
| Respondent, | : | |

**RESPONDENT'S RESPONSE AND DEFENSES TO MOTION
TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)**

NOW COMES the Debtor, DENNIS THOMAS RADER, JR., Respondent herein ("Respondent"or "Mr. Rader"), by and through undersigned counsel of record, and files this Response and Defenses to the Motion to Dismiss Pursuant to 11 U.S.C. § 707(b) ("the Motion") filed by the Movant, NANCY J. GARGULA, UNITED STATES TRUSTEE for REGION 21 ("Movant" or "UST"), and for grounds thereto respectfully shows to the Court the following:

**I. <u>PRELIMINARY STATEMENT</u>**

As a preliminary matter, Respondent notes the following: First, notwithstanding differences of opinion as to the facts or issues raised in the Motion, Respondent and his counsel understand, appreciate, and respect the professionalism, efforts and the objectives of the UST's office and staff. In that spirit, Respondent has comprehensively and expeditiously provided every single document and requested by the UST and has fully-cooperated in good faith.

1

Second, Respondent notes that the UST's motion observes strict adherence to the mechanical aspects of the Means Test formula . . . . *except* when departure from the formula might marginalize or deprive the debtor of certain otherwise-allowed deductions.  It's not lost on Respondent that the UST's rigid application of the 122A forms creates a faulty foundation for the entire Motion – that foundation improperly assumes the "CMI" of the past represents, or equates to, the income of the future.  To elaborate, the Motion, by strictly adhering to the forms (while ignoring the United States Supreme Court's express authorization to make adjustments for known or virtually-certain deviations$^1$), assumes that Mr. Rader is a salaried or hourly employee for an unlimited term into the future.   However, that assumption is absolutely, unequivocally, incorrect.  Mr. Rader was hired by Search Pro's Staffing on October 14, 2019, on a fixed-term, fixed-sum contract.  The contract contemplates a finite sum of compensation, and terminates <u>*the sooner of*</u> month # 14 (which would be in December of this year), or once the aggregate paid to Mr. Rader for the contract total payout$^2$ is met.   The average monthly contract base pay is $12,133.33, not the $13,290.42 suggested by the UST, and the extra travel and overtime pay earned by Mr. Rader in the 6-month CMI period was an advance, coming off the total payout, thus shortening the anticipated term of employment by 2 or 3 months.   Mr. Rader's occupation as a staffer is less-relevant now because COVID-19 has created a massive influx of qualified applicants into the workforce, and Mr. Rader's employer has notified him that his contract will not be renewed.  Now, Mr. Rader will be unemployed, with a real-world CMI of zero ($0) per month starting sometime between October and December of this year.   At the conclusion of the contract and his Chapter 7, the next "chapter" in Mr. Rader's life is a humanitarian Christian-

---

$^1$  In *Hamilton v. Lanning*, 560 U.S. 505 (2010) the Supreme Court held that when calculating a debtor's projected disposable income, a bankruptcy court "may account for changes in a debtor's income or expenses that are known or virtually certain," thus adopting a forward-looking, realistic approach that "does not insist upon rigid adherence to the mechanical approach in all cases."

2

based mission abroad that provides little remuneration other than spiritual fulfillment, along he'll receive free room and board. This information was all transmitted to the UST prior to its filing of the Motion.

Although the UST's Motion cites *Hamilton v. Lanning* in support of its proposed departure from the 122A form to disallow various deductions (e.g., vehicles that Mr. Rader can't afford and is surrendering), Mr. Rader can't understand why the Motion omits reference to Mr. Rader's ominous and impending plight – unemployment.

## II. MR. RADER'S SCHEDULES AND HIS FORM 122A INCOME AND EXPENSES ARE TRANSPARENT AND ACCURATE

Although BAPCPA is now (already) 15-years old, the ambiguities and oddities created by many of its features continue to be the source of spirited debate and disagreement, by litigants and courts alike. Movant's view of Mr. Rader's means test data illustrates how each side, following the same form and the same instructions, reach different numbers and results. Respondent takes and controverts the Movant's assertions in the sequence they were presented in the Motion:

### A. UST's Motion is predicated on Inflated and Inaccurate Monthly Income.

Mr. Rader's CMI was calculated directly from his month-by-month income data. That data, provided by Mr. Rader, was as follows (Month 1 being the most recent month prior to filing, and Month 6 being the oldest):

Month 1: $12,040.00
Month 2: $12,092.50
Month 3: $14,437.50
Month 4: $13,125.00
Month 5: $16,460.00 (includes bonus)

---

[2] The contract aggregate payout is approximately $169,867.00, calculated by multiplying $70 per hour x 40 hours per week x 4.33 weeks per month (= $12,133.33 monthly) x 14 months.

<u>Month 6: $11,532.50</u>
Average: $13,270.50

Technically, we note, Mr. Rader's CMI should be his actual monthly contract pay of $12,133.33, because any income he received in excess of that benchmark resulted in a commensurate acceleration of his termination date.

### B.  Mr. Rader's Line 16 Tax Deduction is Accurate

In the past, Mr. Rader got a tax break because of losses associated with his former business, now closed.   However, Mr. Rader's accountant advised him that he's no longer able to claim those loss-carry-forwards, and the delta between his CMI period tax withholdings and Form 122A-2 Line 16 is to account for that tax consequence.   The UST suggests that the 122 Form limits the deductions to historical taxes withheld, while Respondent reads the words "total monthly amount that you will actually owe for federal, state and local taxes" to mean what they say.   "Will actually owe" supports the deduction claimed by Mr. Debtor.   If Congress intended to limit the deduction to the average of taxes withheld during the CMI, then it could've chosen those words, and the UST's assertion would then be tenable.

### C.  Mr. Rader's Line 19 DSO Payment is Accurate

Pursuant to a Decree of the Superior Court of Forsyth County dated August 23, 2013 (provided to the UST), Mr. Rader was Ordered to pay $955 monthly for child support until his youngest daughter reaches twenty (20) years of age.   Mr. Rader's obligation was not subsequently modified and his daughter, Isabelle, was under the age of 20.   Therefore, the $955 deduction was claimed and was completely-accurate in amount.   Although not stated in the Motion, the UST appears to base its suggested disallowance on a forward-looking post-petition event; i.e., that Isabelle, a recent graduate from high school, would not be "under the age of 20"

4

forever.  Again, Mr. Rader simply followed the instructions on Line 19 of the 122A-2 Form, and listed the "total amount that you pay as required by order of a court".

Oddly, and ironically – without affording the same benefit to Mr. Rader – the UST arbitrarily deviates from the 122A form to use a future number, but only when and if it deprives Mr. Rader of an allowed deduction.  The plain language of Line 19 instructs the debtor to deduct the amount he's ordered to pay at the time of filing.  Compare the Line 19 deduction to other deductions in Form 122A, which clearly authorize a deduction that is *limited* to 1/60th of all payments that come due over the next 60 months.  (See, e.g., Line 9, Line 13, etc.).   That limitation, however, does not exist in Line 19, and therefore, the UST's basis for disallowance based on a pro-rata amount or future event is not tenable, especially when it remarkably disregards accounting for the Debtor's future income (zero) during the same time period.

### D.  Mr. Rader's Line 35 Deduction for Priority Claims is Accurate

The UST suggests that the $15,414.52 priority debt amount used for the 1/60th deduction on Line 35 is inaccurate.   To be clear, the components are itemized and the total is identical to the amount in Mr. Rader's Schedule E.   The UST's objection appears to be based on the fact that Mr. Rader, who filed an extension for his 2019 income taxes, used his estimated tax liability quoted by his accountant pending final returns.   This is the best that Mr. Rader could do, and in a footnote, the UST concedes that it doesn't know for certain what the actual amount should be either.

If the purpose of the means test is to estimate the disposable income that the debtor should have available in a formulaic, hypothetical Chapter 13, then Respondent notes that the 122A-2 form is missing a critical formulaic deduction: the debtor's attorney's fees.   Assuming Line 34 is not the proper place, then the only other logical place to include them, therefore,

5

would be here, in Line 35's priority total. Assuming Mr. Rader's actual tax liability is somewhat less than the $10,639.52 anticipated, then let's not forget to also add the approximate amount of $4,660.00 he'd incur for the attorney's fees.

### E. Ownership Expenses and Secured Debt Payments for Vehicles

The UST's Motion suggests another departure from the Form 122A because Mr. Rader realizes he can't afford to reaffirm those debts. Without addressing the critical fact that Mr. Rader won't have a car to drive, the UST seeks to disallow his deductions based on the fact that he's doing the responsible thing in light of his upcoming unemployment, and surrendering the collateral. Suffice it to say that Mr. Rader disputes the UST assertions, and assuming this case boils down to this issue, he's prepared to brief it and argue it.

### III. CONCLUSION

For the foregoing reasons, Mr. Rader controverts the Motion, and shows that he is an honest but unfortunate petitioner, who has acted in good faith and rebuts any alleged presumption of abuse.

WHEREFORE, Respondent prays:

(a) that Movant's Motion to Dismiss be denied;
(b) that the relief requested in Movant's Motion to Dismiss be denied;
(c) that an Order of Discharge be immediately entered in favor of Respondent, and for such other and further relief as the Court deems just and proper.

6

Respectfully submitted this 24th day of September, 2020.

                                                             __s/ *Brian R. Cahn*_____
                                                           Brian R. Cahn
                                                           Attorney for Respondent
                                                           Georgia Bar No.: 101965

Brian R. Cahn & Associates, LLC
P.O. Box 3696
Cartersville, GA 30120
Tel: 770-382-8900
Brian@NorthGaBankruptcy.com

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DENNIS THOMAS RADER, JR., | : | CASE NO. 20-67682-BEM |
| | : | |
| Debtor. | : | JUDGE: ELLIS-MONRO |
| _____ | : | _____ |
| | : | |
| NANCY J. GARGULA, UNITED STATES TRUSTEE, REGION 21, | : : | |
| | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| DENNIS THOMAS RADER, JR.,, | : | |
| | : | |
| Respondent, | : | |
| _____ | : | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies:  That I am, and at all times hereinafter mentioned was, more than 18 years of age, and that on the date indicated below, I served a copy of the within **RESPONDENT'S RESPONSE AND DEFENSES TO THE US TRUSTEE'S MOTION TO DISMISS** on the following by electronic service pursuant to the Local Rules or by United States First Class Mail in a properly stamped and addressed envelope to:

> Vanessa A. Leo
> U.S. Department of Justice
> Office of the United States Trustee
> 362 Richard Russell Building
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303

This the 24th day of September, 2020.

                                                    __s/ *Brian R. Cahn*_____
                                                    Brian R. Cahn

Brian R. Cahn & Associates, LLC
P.O. Box 3696
Cartersville, GA 30120
Tel: 770-382-8900
Brian@NorthGaBankruptcy.com